UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH MEYER FORTNER,

Petitioner,

-vs-                                                                Case No. 8:04-cv-2408-T-27TGW

WALTER A. MCNEIL,

Respondent.
_____/

## ORDER

This matter comes before the Court for consideration of: 1) Petitioner's Notice of Appeal (Dkt. #24) of the March 10, 2008 decision denying his petition for relief under 28 U.S.C. § 2254; 2) Petitioner's Application for Certificate of Appealability (Dkt. #25); 3) Petitioner's Motion for Leave to Proceed IFP on Appeal and Affidavit of Indigency (Dkt. #26); and 4) "Petitioner's Notice of Discharge of Counsel Petitioner to Proceed Pro Se for Appeal Proceedings (Counsel not Retained for Appeal Proceedings and Concluded Agreed Obligations for Representation) or Alternatively, if Necessary, Motion for Court to Relieve Counsel for Purpose of Permitting Petitioner to Proceed Pro Se for Appeal" (Dkt. #27).

The Court denied Petitioner's claims on the merits and on procedural grounds (Dkt. #22). To obtain a certificate of appealability when a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). To

obtain a certificate of appealability when the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

**Issues One, Three, and Ten**

In Issues One, Three, and Ten of Petitioner's Application for Certificate of Appealability (Dkt. #25 at pages 2-4, 7-8, 17), Petitioner contends that it is debatable whether the Court correctly determined that Grounds One, Two (sub-claim two), and Seven of his federal habeas petition (Dkt. #1 at pages 12-14, 17-18, 61-62) were procedurally barred. He argues that although he did not raise his federal constitutional claims in his brief on direct appeal, he exhausted those claims because he raised them in his motion for rehearing and the appellate court granted his motion for rehearing.

"Rule 9.330 of the Florida Rules of Appellate Procedure provides that a motion for rehearing 'shall not present issues not previously raised in the proceeding.'" Envtl. Confederation of Southwest Fla., Inc. v. IMC Phosphates, Inc., 857 So. 2d 207, 214 (Fla. 1st DCA 2003). Further, there is no indication from the appellate opinion that the appellate court considered the new claims Petitioner raised in his motion for rehearing. That court's substituted opinion after rehearing did not address any of Petitioner's new claims. The opinion was limited to reversing the habitual offender enhancement on Petitioner's convictions (Dkt. #9, Exs. 4 & 6). Accordingly, Petitioner has not shown that reasonable jurists would find the Court's procedural ruling debatable or wrong.

2

**Issue Two**

In Issue Two of Petitioner's Application for Certificate of Appealability (Dkt. #25 at pages 4-7), Petitioner contends that it is debatable whether this Court correctly determined that Petitioner's Ground Two (sub-claim one) of his federal habeas petition (Dkt. #1 at pages 16-17) raised only an issue of state law. In this sub-claim, Petitioner expressly asserted that the state trial court erred in not conducting a hearing pursuant to *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973) (Dkt. #9, Ex. 1). This is a question of state law. As to this claim, Petitioner did not raise a federal constitutional issue in his state court direct appeal. Therefore, Petitioner has not shown that reasonable jurists would find the Court's ruling on this issue debatable or wrong.

**Issue Four**

In Issue Four of Petitioner's Application for Certificate of Appealability (Dkt. #25 at page 9), Petitioner contends that the Court erred when it denied Ground Two (sub-claim three) of his federal habeas petition (Dkt. #1 at pages 18-19). In Ground Two, Petitioner claimed that the state court deprived him of his right to counsel when it appointed Attorney Cannella as standby counsel. The trial court had no constitutional obligation to appoint standby counsel, or counsel of Petitioner's choice. Accordingly, Petitioner has not shown that reasonable jurists would find the Court's ruling on this issue debatable or wrong.

**Issue Five**

In Issue Five of Petitioner's Application for Certificate of Appealability (Dkt. #25 at pages 9-13), Petitioner contends that reasonable jurists would find the Court's assessment of Ground Two (sub-claim four, ineffective assistance of counsel claims) of his federal habeas petition (Dkt. #1 at pages 19-47) debatable or wrong. Petitioner has failed to demonstrate that

reasonable jurists would find its assessment of the claims asserted in Ground Two (sub-claim four) debatable or wrong.[1]

**Issue Six**

In Issue Six of Petitioner's Application for Certificate of Appealability (Dkt. #25 at page 14), Petitioner contends that it is debatable whether this Court correctly determined that Ground Three of his federal habeas petition (Dkt. #1 at pages 49-53), to the extent it relied on the prosecutor's comments to which Petitioner failed to object at trial, was procedurally defaulted. Since the State argued procedural default on direct appeal (Dkt. #9, Ex. 2), and the state appellate court did not reject that argument (Dkt. #9, Exs. 4 & 6), the state appellate court is presumed to have applied the state's procedural default rules. *See Bennett v. Fortner*, 863 F.2d 804, 807 (11th Cir.), *cert. denied*, 490 U.S. 1071 (1989). Petitioner has not shown that reasonable jurists would find this Court's ruling on this issue debatable or wrong.

---

[1] To the extent the state court concluded that Petitioner failed to include in his 3.850 post-conviction motion the names and substance of the testimony of the witnesses he wanted his attorney to subpoena for trial, Petitioner correctly points out that he presented the witnesses' names and anticipated testimony in his Rule 3.850 motion and supplement to that motion (Dkt. #9, Ex. 22 at 53-56; Ex. 24). Notwithstanding, Petitioner acknowledges that the state court alternatively addressed the merits of this claim. The state court found that counsel had considered the expected testimony of the witnesses but concluded that their testimony would not support an alibi defense and would not fit his trial strategy (Dkt. #9, Ex. 26 at 6). Petitioner's apparent disagreement with Attorney Canella's trial strategy and who would be called as defense witnesses does not support his claim of ineffective assistance of counsel. A defendant's disagreement with counsel's tactics or strategies will not support a claim of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984); *see also Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) ("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess.") (en banc).

Further, Petitioner did not establish prejudice, even if counsel's performance was deficient. Petitioner must demonstrate there exists a reasonable chance that the outcome of the case would have been different but for counsel's decision not to subpoena the witnesses for trial. *Strickland*, 466 U.S. at 694. Several of the witnesses Petitioner wanted counsel to subpoena ultimately testified at trial in support of Petitioner's alibi defense, i.e., that he was at his home at the time he was allegedly at John Carlson's apartment delivering cocaine. Moreover, the substantial evidence of Petitioner's guilt, including the tape recording of Petitioner, Tracy Gauthier, and Carlson discussing the drug deal, negates any possibility of prejudice resulting from his attorney's failure to subpoena the alibi witnesses.

**Issue Seven**

In Issue Seven of Petitioner's Application for Certificate of Appealability (Dkt. #25 at page 15), Petitioner claims that it is debatable whether the Court correctly determined that Ground Three of his federal habeas petition (Dkt. #1 at 49-53), to the extent if relied upon the prosecutor's comments to which Petitioner did object to at trial, lacked merit. Improper prosecutorial remarks amount to a constitutional violation only if the remarks render the proceedings fundamentally unfair. *Cargill v. Turpin*, 120 F.3d 1366,1379 (11th Cir. 1997). The relevant inquiry is whether the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974). "[T]he appropriate standard of review for such a claim on writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of supervisory power.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. at 642). In making this assessment, a reviewing court must evaluate the allegedly improper comments in the context of both the prosecutor's entire closing argument and the trial as a whole. *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980).

Taken in the context of the entire trial, the prosecutor's comments, even if improper, were not so egregious as to render the trial fundamentally unfair, nor did they infect the trial with such unfairness that the resulting conviction amounted to a denial of due process. Accordingly, Petitioner has not shown that reasonable jurists would find this Court's ruling on this issue debatable or wrong.

**Issue Eight**

In Issue Eight of Petitioner's Application for Certificate of Appealability (Dkt. #25 at

pages 15-16), Petitioner contends that it is debatable whether the Court correctly determined that Ground Four of his federal petition (Dkt. #1 at 54-55) lacked merit. In Ground Four, Petitioner claimed that his two convictions for conspiracy to traffic in cocaine violate the prohibition against double jeopardy because there was evidence of only one overlapping conspiracy. The evidence presented at trial established two separate agreements for the delivery and sale of cocaine. The first agreement was between Petitioner and John Carlson for the delivery of two ounces of cocaine. The second agreement was the August 20, 1997 agreement between Petitioner and Tracy Gauthier for the acquisition of four ounces of cocaine for delivery to Carlson in two separate two ounce transactions. Consequently, different facts support the two distinct agreements for the purchase, sale or delivery of two separate quantities of cocaine. Multiple agreements to commit separate crimes constitute multiple conspiracies. *United States v. Broce*, 488 U.S. 563, 570-71 (1989). Therefore, Petitioner has not shown that reasonable jurists would find the Court's ruling on this issue debatable or wrong.

**Issue Nine**[2]

In Issue Nine of Petitioner's Application for Certificate of Appealability (Dkt. #25 at pages 16-17), Petitioner contends that the Court's determination that the State produced sufficient evidence to support his convictions is debatable or wrong.[3] There was sufficient evidence introduced at trial from which the jury could find that Petitioner conspired with Carlson and Gauthier to traffic in cocaine. Accordingly, Petitioner has not shown that reasonable jurists would find the Court's ruling on this issue debatable or wrong.

---

[2] Petitioner misnumbers this issue as "Issue Eight." (Dkt. #25 at 16).

[3] Petitioner raised this claim as Ground Five of his federal habeas petition (Dkt. #1 at 56-58).

ACCORDINGLY, the Court **ORDERS:**

1. Petitioner's Application for Certificate of Appealability (Dkt. #25) is **DENIED**.

2. Petitioner's Motion for Leave to Proceed [*in forma pauperis*] on Appeal (Dkt. #26) is **DENIED**.

3. "Petitioner's Notice of Discharge of Counsel Petitioner to Proceed Pro Se for Appeal Proceedings (Counsel not Retained for Appeal Proceedings and Concluded Agreed Obligations for Representation) or Alternatively, if Necessary, Motion for Court to Relieve Counsel for Purpose of Permitting Petitioner to Proceed Pro Se for Appeal" (Dkt. 27) is **DENIED** as moot. Petitioner does not need the Court's permission to proceed on appeal *pro se*. The **Clerk** shall indicate on the docket that Petitioner is proceeding *pro se*.

**DONE** and **ORDERED** in Tampa, Florida on this 27th day of May, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies furnished to: Petitioner
Counsel of Record

7